IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALBERT N. COLLINS,
and CHRISTINA SCOTT,

      Plaintiffs,

v.

WAL-MART, INC., D/B/A SAM'S CLUB

      Defendant.

Case No.: 06-2466-CM-DJW

## STIPULATED PROTECTIVE ORDER

The Parties, through their respective counsel, having stipulated to the terms of this Order, and the Court being fully advised in the premises, the Court grants the Motion for Entry of Stipulated Protective Order (doc. 34), and it is hereby **ORDERED:**

1. **Purpose of Order**. The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case could seek private information concerning both parties and nonparties, including, for example, but not limited to, Plaintiffs' confidential medical records, tax information and other private documents regarding Plaintiffs' income, confidential matters concerning Defendant's policies, procedures, and training, the personnel files of current and/or former employees of Defendant, and potentially documents concerning Defendant's income, revenue, net worth and income tax returns. The privacy interests in such information substantially outweigh the public's right of access to these records. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, and the above-described documents, reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment,

humiliation, loss of status and reputation, and could potentially impact certain persons' personal and/or work relationships.

2. **Confidential Information.**  The parties have agreed that certain categories of documents and information, if produced or disclosed for any reason or in any manner during this litigation, shall be used only for purposes of this lawsuit and shall be treated as confidential.  The parties have further agreed that this shall include only information relating to the following topics:

A. "Medical Records" of Plaintiffs, which term shall refer to: (1) health care provider records and statements, specifically including psychiatric, psychological and counseling records involving the health, treatment and well being of Plaintiffs; (2) hospital records; (3) billing statements; and (4) any other records or statements involving the health, treatment and well being of Plaintiffs.

B. "Financial Records" of the parties, which term shall refer to: (1) tax returns; (2) financial statements; (3) salary information, records or schedules; (4) records pertaining to bank accounts; and (5) any other records or statements containing financial information of the parties to their employees.

C. "Personnel Records," which term shall refer to files or records relating to personnel or employment matter of current or former employees of Defendant, including, but not limited to, the following: (1) personnel files; (2) personal and/or employment history information; (3) statements of job duties and/or responsibilities; (4) performance evaluations; (5) disciplinary records; (6) information relating to pay and/or fringe benefits; and (7) any other information pertaining to individual employees' employment with Defendant.

D. The internal policies, practices, and/or operations of Defendant.

E. Documents relating to or referencing any of Defendant's customers.

3. **Designating documents and interrogatory answers as confidential**.  Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory

answer with the word "Confidential."  The inadvertent failure to designate materials as "Confidential" does not preclude protection of the document hereunder if the document is otherwise covered by the scope of this Order.  Parties to this action may also designate deposition testimony relating to the subjects enumerated herein as "Confidential Information" by advising opposing counsel of record in writing, within fifteen (15) days after the receipt of a copy of the transcript or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes are protected under this Order. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

    4.    **Disclosure of Confidential Information**.  Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

    (a)    The parties;

    (b)    Their counsel, counsel's legal and clerical assistants and staff;

    (c)    Persons with prior knowledge of the documents or the Confidential information contained therein;

    (d)    Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

    (e)    Any independent document reproduction services or document or video recording and retrieval services; and

    (f)    Any expert witness or outside consultant retained or consulted by the parties.

Counsel shall advise all persons and entities set forth in subsections (e) and (f) of this paragraph of

the existence of this Order and such persons shall agree to be bound by this Order prior to sharing any Confidential Information with them.

5. No additional copies of the confidential information shall be made by counsel or any other person, except as necessary for preparation of exhibits for depositions, dispositive motions, trial, or mediation, and except for the use by experts and consultants.

6. This Order does not restrict the use of the confidential information at depositions, dispositive motions, mediation and/or trial, except as provided for above. Issues regarding the use or admissibility at trial of the confidential information shall be determined by the Court.

7. **Use of Confidential Information**. When matters submitted or presented to the Court in connection with any pre-trial or trial issue contain confidential information, counsel for either party may petition the Court for an order to submit any portion of the confidential information under seal with appropriate restrictions for its use as deemed necessary by the Court. The parties do not waive any right to object at trial to the admissibility of any document which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine in regard to the use of any such documents during the trial of this matter.

8. **Return of Confidential Information**. At the conclusion of this case, including all appeals, all confidential information, documents and copies of the same shall, within thirty (30) days, be returned to opposing counsel, or destroyed. If destroyed, counsel shall so indicate in a letter to opposing counsel. Waiver by a party of the right to have confidential documents returned does not waive the confidentiality of this Order.

**IT IS THEREFORE ORDERED** that the Motion for Entry of Stipulated Protective Order (doc. 34) is granted.

**IT IS SO ORDERED.**

Dated this 19th day of July 2007.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge