DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ALBERT N. COLLINS, et al.,**

        **Plaintiffs,**

v.                                                                        Case No. 06-2466-CM-DJW

**WAL-MART, INC., d/b/a SAM'S CLUB,**

        **Defendant.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Amend Complaint (doc. 16). Plaintiffs seek leave to join Wal-Mart Associates, Inc. and Sam's West, Inc. as defendants. For the reasons set forth below, the Court will grant the motion and grant Plaintiffs leave to amend their Complaint to join the two new parties.

**I.**    **Factual and Procedural Background**

Plaintiffs bring suit under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, claiming race discrimination, sex discrimination, hostile work environment, and retaliation. At all relevant times, Plaintiffs worked in Lenexa, Kansas, at Sam's Club # 8208. Plaintiff Collins filed charges of discrimination and retaliation against "Sam's Club" with the Equal Employment Opportunity Commission ("EEOC") on April 22, 2005. Plaintiff Scott filed similar charges against "Sam's Club" on April 23, 2005. Collins and Scott filed amended EEOC charges on June 22, 2005 and June 26, 2005, respectively. The amended charges named "Wal-Mart Stores, Inc." as an additional respondent.

An attorney for "SAM'S Club" responded to the EEOC charges in a June 28, 2005 letter ("Position Statement")[1] which stated as follows: "Sam's West, Inc. is the operating entity for Sam's Club #8202 in Lenexa, Kansas and is the appropriately named Respondent in this matter. Sam's respectfully requests that the Agency amend [the charges] to identify Sam's West, Inc. as the named Respondent."[2] The Position Statement also indicated that "SAMS' CLUB is a division of Wal-Mart Stores, Inc."[3]

The EEOC did not amend the charges to identify Sam's West, Inc. as the respondent. The EEOC issued a Notice of Right to Sue to Plaintiff Scott on August 4, 2006 and to Plaintiff Collins on August 7, 2006. Plaintiffs filed the present action on October 25, 2006, naming Wal-Mart, Inc., d/b/a Sam's Club ("Defendant") as the sole defendant and alleging that Defendant was Plaintiffs' employer within the meaning of Title VII and 42 U.S.C. § 1981.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction on January 2, 2007 (doc. 4), asserting that (1) Plaintiffs's Complaint names a non-existent corporate entity as the defendant, i.e., there is no corporate entity known as Wal-Mart, Inc.; and (2) Plaintiffs "were employed by Wal-Mart Associates, Inc. and assigned to Sam's West, Inc., Club 8208, located at 12200 West 95th Street, Lenexa, Kansas."[4]

---

[1] The response to the EEOC began: "SAM'S Club ("SAMS") submits the following joint Statement of Position in response to the Charges filed by Albert Collins and Christina Scott." Position Statement at 1, attached as Ex. C to Defendant's Resp. in Opp. to Plf.s' Mot. to Amend Compl. (doc. 19).

[2] *Id.*

[3] *Id.*

[4] Mem. in Support of Def.'s Mot. to Dismiss (doc. 5) at 1.

2

On April 9, 2007, Plaintiffs filed the instant motion seeking leave to amend to join Wal-Mart Associates, Inc. ("Wal-Mart Associates") and Sam's West, Inc. ("Sam's West") as defendants. The proposed First Amended Complaint alleges that Plaintiffs were employed by Sam's West.[5]  It also alleges that Wal-Mart Associates and Sam's West, along with Defendant, "function as an "integrated enterprise or joint employer of plaintiffs and, as such, may be held liable for the violations of federal law asserted herein."[6]  In addition, the proposed First Amended Complaint alleges that, at all times relevant to the lawsuit, the three entities "have been an 'employer'" within the meaning of Title VII and § 1981.[7]

Defendant opposes Plaintiffs' Motion to Amend for two primary reasons.  First, Defendant contends that amendment would be futile with respect to Plaintiff's Title VII claims. Secondly, Defendant contends that Plaintiffs unduly delayed in bringing the Motion to Amend, with respect to both Plaintiffs' Title VII and § 1981 claims, because Plaintiffs knew, or should have known, at the time they filed their initial Complaint, that Sam's West was their employer.

---

[5]Proposed Am. Compl., ¶¶ 9-10, attached as Ex. 1 to Mot. to Amend (doc. 16).  Although Paragraphs 9 and 10 of the Proposed Amended Complaint use the term "Sam's Club," Plaintiffs use the term Sam's Club when referring to Sam's West, Inc.  *See* ¶ 4 of Proposed Amended Compl. ("Defendant Sam's West, Inc. (hereinafter "Sam's or Sam's Club) is an Arkansas corporation . . . ."

[6]*Id.* at ¶5.

[7]*Id*. at ¶ 6.

3

**II.     Discussion**

    **A.     Standard for Ruling on a Motion to Amend**

Leave to amend "shall be freely given when justice so requires."[8] The Supreme Court has emphasized that "this mandate is to be heeded."[9] Leave to amend is a matter committed to the court's sound discretion and is not to be denied without the court giving some reason or cause on the record.[10] Leave to amend should be denied only when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[11] In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[12]

    **B.     Futility**

A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted.[13] In order to determine whether a proposed amendment is futile, the court must analyze the proposed

---

[8] Fed. R. Civ. P. 15(a).

[9] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[10] *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

[11] *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

[12] *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan.1989).

[13] *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Stewart v. Bd. of Comm'rs for Shawnee County*, 216 F.R.D. 662, 664 (D. Kan. 2003); *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan.1995).

amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[14]

The court will dismiss for failure to state a claim only when "it appears beyond a doubt that the [party] can prove no set of facts in support of his claims which would entitle him to relief,"[15] or when an issue of law is dispositive.[16] The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the claimant.[17] The issue in resolving a motion such as this is "not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[18]

Defendant argues that allowing the proposed amendments, as they apply to Plaintiffs' Title VII claims, would be futile for several reasons. First, Defendant argues that any Title VII claims against the two proposed new parties, i.e., Wal-Mart Associates and Sam's West, would be barred by the statute of limitations because Plaintiffs failed to file suit against them within ninety days of receiving their right to sue notices and the amended claims would not relate back under Federal Rule of Civil Procedure 15(c)(3). Second, Defendant argues that allowing the proposed amendments would be futile because Plaintiffs never filed EEOC charges against Wal-Mart Associates and Sam's West, and therefore did not exhaust their administrative remedies. Third, Defendant argues that amendment would be futile because Plaintiffs have named a non-existent entity as the defendant in

---

[14]*Sheldon v. Vermonty,* 204 F.R.D. 679, 682 (D. Kan. 2001).

[15]*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

[16]*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[17]*Smith v. Plati,* 258 F.3d 1167, 1174 (10th Cir. 2001).

[18]*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002).

their initial Complaint, and no integrated enterprise or joint employer can be formed with a non-existent entity.

> *1.     Would allowing the proposed amendments be futile because Plaintiffs did not file suit against Wal-Mart Associates and Sam's West within 90 days of receiving their right to sue notices?*

Section 706 of Title VII provides that where, as here, the EEOC dismisses charges brought by an aggrieved person, the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."[19] Consequently, a plaintiff must file a Title VII action within ninety days after receiving the right to sue notice from the EEOC, and if the complaint is filed more than 90 days after the plaintiff receives notice of the right to sue, the action will be deemed untimely.[20]

Here, Plaintiffs filed their lawsuit naming Defendant before expiration of the ninety-day period. Plaintiffs, however, did not file their Motion to Amend until long after the expiration of the 90-day limitations period, and, thus, Defendant argues that any claims against the proposed defendants are now time-barred. Plaintiffs counter that the claims against the proposed defendants should be deemed timely because, pursuant to Federal Rule of Civil Procedure 15(c)(3), they relate back to the date the Complaint was initially filed.

Before determining whether Plaintiffs' proposed amendments satisfy the requirements of Rule 15(c)(3), the Court must first determine whether the Rule is even available to Plaintiffs in this instance. Rule 15(c)(3) provides that an amendment of a complaint relates back to the date of the original complaint when "the amendment *changes the party or the naming of the party against*

---

[19] 42 U.S.C § 2000e-5(f)(1).

[20] *Brown v. Unified School Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006); *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998).

6

*whom a claim is asserted*" and certain requirements are met.[21] In other words, the plain language of Rule 15(c)(3) contemplates either (1) a change to an existing party name, or (2) the substitution of one party for another. In this case, however, Plaintiffs want to add two new defendants while retaining the originally-named defendant.

In *Brauer v. Republic Steel Corporation*,[22] the Tenth Circuit permitted, under Rule 15(c)(3), the amendment of a complaint adding entirely new plaintiffs in addition to the existing plaintiffs.[23] Judge Lungstrum relied on *Brauer* in *Greenhorn v. Marriott International., Inc.,*[24] and allowed an amendment to relate back under Rule 15(c)(3) where, as here, the amendment added new defendants and retained the initially named defendant.[25] Judge Lungstum reasoned:

> If both the transaction test and the notice requirement of Rule 15(c) are satisfied, there is no justification for a restrictive interpretation of the word 'changing' that would require a plaintiff to choose among defendants. Too narrow a reading of the rule might result in the release of a party who ultimately might have proven to be liable and would not have been prejudiced in his defense on the merits by the addition of another defendant."[26]

In light of the above, the Court holds that Rule 15(c)(3) is available to Plaintiffs to use as a vehicle to move to add new defendants while retaining the defendant originally named in the Complaint.

---

[21]Fed. R. Civ. P. 15(c)(3) (emphasis added).

[22]460 F.2d 801, 804 (10th Cir. 1972).

[23]*Id*. at 804.

[24]258 F. Supp. 2d 1249 (D. Kan. 2003).

[25]*Id.* at 158-59.

[26]*Id.* at 1259 (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1498 at 127-29 (2d ed. 1990)).

7

The Court must now address whether Plaintiffs' proposed joinder of Wal-Mart Associates and Sam's West satisfies the requirements of Rule 15(c)(3).  For an amendment to relate back to the date of the original Complaint, Rule 15(c)(3) requires that (1) the amended claim "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading," and (2) within the time for service of the complaint set forth in Fed. R. Civ. P. 4(m), "the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."[27]

Here, Defendant concedes that the proposed claims arose out of the same conduct, transaction, or occurrence as pled in the initial Complaint. Defendant contends, however, that Plaintiffs cannot demonstrate they made a mistake concerning the identity of the proper party(ies). Defendant argues, that quite to the contrary, Plaintiffs, deliberately chose to name Wal-Mart, Inc. d/b/a Sam's Club in the initial Complaint and deliberately disregarded the proper corporate entity even after Sam's West informed them of the proper party.

In determining whether a plaintiff made a mistake concerning the identity of the proper party within the meaning of Rule 15(c)(3), courts look to whether the plaintiff deliberately chose not to sue the proposed defendant or whether the plaintiff intended to sue the proposed defendant but mistakenly omitted the defendant from the complaint.[28]  Thus, the court will deem that a mistake under Rule 15(c)(3) occurred if the plaintiff intended to sue certain participants, but misidentified

---

[27]Fed. R. Civ. P. 15(c)(3).

[28]*Prime Care of NE Kan., L.L.C. v. Blue Cross and Blue Shield of Kan. City*, Civ. A. No. 05-2227-KHV, 2006 WL 2734469, at *3 (D. Kan. Sept. 25, 2006) (citations omitted).

8

or misnamed them in the original complaint.[29]  On the other hand, the Court will not find a mistake when a plaintiff, with full knowledge of all potential defendants, made a tactical decision to pursue a particular defendant in lieu of another.[30]

In this case, it is clear that Plaintiffs are intending to sue their former employer and that they seek to impose liability against Defendant, Wal-Mart Associates, and Sam's West as an integrated enterprise or joint employer.  There is no evidence in the record that Plaintiffs chose to sue only Defendant in their initial Complaint as part of some tactical or strategic decision in lieu of suing other entities.  While an attorney for Sam's Club informed the EEOC in its June 28, 2005 Position Statement that Sam's West was the "operating entity for Sam's Club #8208" where Plaintiffs worked and that Sam's West should be deemed the respondent, the Court cannot conclude that this should defeat Plaintiffs' stated intention to sue their employer as defined by Title VII.

This Court has on several occasions held in employment discrimination actions that the amended complaint will relate back under Rule 15(c)(3) where the plaintiff intended from the outset to sue his/her employer but mistakenly misnamed that entity in his or her original complaint.  For example, in *Wheat v. American Community Newspapers, Inc.*,[31] an age discrimination case, Judge Lungstrum held that the plaintiff, if he were to move for leave to amend, would be allowed to amend to substitute the proper party defendant where plaintiff had intended from the outset to sue his former employer.  Judge Lungstrum recognized that, under Rule 15(c)(3), a party who intended to sue his former employer but who mistakenly misnamed that entity, should be permitted to correct

---

[29]*Id.* (citations omitted).

[30]*Loveall v. Employer Health Serv's, Inc.*, 196 F.R.D. 399, 403 (D. Kan. 2000) (citations omitted).

[31]No. 04-2522-JWL, 2005 WL 3503677 (D. Kan. Dec. 22, 2005).

his or her mistake.[32]  The Court reasoned "that it would be unfair to deny plaintiff the benefits of Rule 15(c) merely because her counsel . . . has not undertaken the risk of dropping defendant Marriott International, Inc. and substituting defendants MIAS and Fairfield."[33]

Similarly, in *Greenhorn, supra,*[34] Judge Lungstrum held in a Title VII case that an amendment naming two additional defendants would relate back under Rule 15(c)(3) where the plaintiff intended from the beginning to sue her employer but simply erred by apparently assuming that the defendant named in the initial complaint was her only employer.  The Court allowed the plaintiff to amend to add two new entities and allege that they, together with the defendant initially named in the complaint, operated as an integrated enterprise or as a joint employer.[35]

In the present case, Plaintiffs clearly intended to name their employer, but apparently mistakenly believed it to be Wal-Mart, Inc., d/b/a Sam's Club.  While Plaintiffs knew or should have known that Sam's West was the operating entity of the Sam's Club at which they worked,[36] it is not clear that they knew by which entity they were actually employed.  Accordingly, the Court finds that the proposed amendments satisfy the "mistaken identity" requirement of Rule 15(c)(3.

The Court also finds that the proposed amendments satisfy the remaining requirements of Rule 15(c)(3), as Defendant does not argue that it failed to receive notice of the filing of the lawsuit or that it did not know that, but for Plaintiffs' mistake, the action would have been brought against

---

[32]*Id*. at 5.

[33]*Id*.

[34]258 F. Supp. 2d 1249 (D. Kan. 2003).

[35]*Id*. at 1259.

[36]On June 28, 2005, Sam's requested that the EEOC amend the charge to name "Sam's West, Inc." as the Respondent.

Wal-Mart Associates and Sam's West. Accordingly, the Court concludes hat the proposed amendments, as they pertain to Plaintiffs' Title VII claims, should be deemed to relate back to the filing of the initial Complaint. The Court therefore rejects Defendant's argument that it would be futile to allow the proposed amendments on Title VII statute of limitations grounds.

> 2. *Would allowing the proposed amendments be futile because Plaintiffs did not file EEOC charges against the proposed defendants?*

In their EEOC charges, Plaintiffs named "Sam's Club" as a respondent and later amended the charges to add "Wal-Mart Stores, Inc." as a respondent. Defendant contends that Plaintiffs' proposal to join Wal-Mart Associates and Sam's West in this lawsuit would be futile because Plaintiffs never filed EEOC charges against either entity and therefore failed to exhaust their administrative remedies with respect to Wal-Mart Associates and Sam's West.

It is well settled in this circuit that the exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII action in federal court.[37] Consequently, a party must file a charge against his or her employer with the EEOC before he or she may file a civil action against that party under Title VII,[38] and, if this is not done, the district court will dismiss the unexhausted claim for lack of subject matter jurisdiction.[39]

The purpose of the filing requirement is to provide notice of the alleged violation to the charged party and to provide the administrative agency with the opportunity to conciliate the

---

[37]*Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1318 (10th Cir. 2005) (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616, 624-625 (10th Cir. 1994); *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir.1996)).

[38]*Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999) (citing 42 U.S.C. § 2000e-5(f)(1)).

[39]*Shikle*s, 426 F.3d at 1318.

claims.[40] Courts liberally construe EEOC complaints in order to accomplish the purposes of the Act, particularly since such complaints are written by laypersons who are not versed either in the technicalities of pleading or the jurisdictional requirements of the Act.[41] Although a plaintiff should name all defendants in his or her EEOC charge, the omission of a party's name does not require dismissal of a Title VII claim.[42]

The Tenth Circuit held in *Romero v. Union Pacific Railroad Co.*,[43] that a Title VII action may proceed against a defendant not named in the EEOC charge where the defendant was informally referred to in the charge or where there is a clear identity of interest between the unnamed defendant and the party named in the EEOC charge to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation.[44] In determining whether an identity of interest exists between the named and unnamed parties, the following factors are considered relevant: (1) whether the role of the unnamed party could, through reasonable effort by the complainant, be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether the absence of the unnamed party from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and

---

[40]*Helmerichs v. Potter*, No. 06-2189-CM, 2007 WL 196887, at *2 (D. Kan. Jan. 23, 2007) (citation omitted).

[41]*Romero v. Union Pac. R.R.*, *Co.*, 615 F.2d 1303, 1311 (10th Cir.1980); *EEOC v. Earl Scheib of Kan., Inc.*, No. 99-2445-JWL, 2000 WL 382008, at *2 (D. Kan. Mar. 15, 2000).

[42]*Earl Scheib*, 2000 WL 382008, at *2 (citing *Romero*, 615 F.2d at 1311).

[43]615 F.2d 1303 (10th Cir. 1980).

[44]*Id.* at 1311.

(4) whether the unnamed party in some way represented to the complainant that its relationship with the complainant was to be through the named party.[45]  However, if named and unnamed entities in the EEOC charge constitute an integrated enterprise, the unnamed entities may be included in a suit under Title VII.[46]

Defendant fails to address any of the *Romero* factors in asserting that Plaintiffs have not exhausted their administrative remedies.  For that reason alone, Defendant has failed to meet its burden of proving that no set of facts exist in support of Plaintiffs' proposed claims against Wal-Mart Associates and Sam's West that would entitle Plaintiffs to relief,[47] and the Court cannot conclude that the proposed claims against them would be subject to dismissal for failure to exhaust. Additionally, the Court notes that the filing of the charge against "Sam's Club" and the inclusion in the charge that "Sam's Club is part of Wal Mart" was sufficient to give both Wal-Mart Associates and Sam's West notice of the alleged violation and to provide them an opportunity to attempt conciliation, given their relationship to Sam's Club.

Furthermore, Plaintiffs contend that Defendant, Wal-Mart Associates, and Sam's West constitute an integrated enterprise or a joint employer.  Plaintiffs named Wal-Mart Stores, Inc. as a respondent in their EEOC charges.  Defendant concedes that Plaintiffs' "integrated enterprise

---

[45]*Id.* at 1311-12 (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).

[46]*Knowlton,* 189 F.3d at 1185.

[47]*See Earl Scheib, 2000 WL 382008 at\*3* (holding that a Title VII claim is not subject to dismissal for failure to name party in EEOC charge where defendant failed to address the Romero factors ); *Aguirre v. McCaw RCC Commc'ns, Inc.*, 923 F. Supp. 1431, 1434 (D. Kan. 1996) (same) (citing *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan.*, 927 F.2d 1111, 1115 (10th Cir. 1991)).

theory *might* apply because Sam's is associated with Wal-Mart Stores, Inc."[48]  If Plaintiffs can establish an integrated enterprise, then not allowing Wal-Mart Associates and Sam's West to be added to the lawsuit would be improper.

In light of the above, the Court must reject Defendant's argument that allowing Plaintiff leave to amend to add Wal-Mart Associates and Sam's West would be futile based on their failure to name Wal-Mart Associates and Sam's West in their EEOC charges.

> *3.     Would allowing the proposed amendments and allowing Plaintiffs to plead an "integrated enterprise" or "joint employer" be futile because Defendant is a non-existent entity?*

Finally, Defendant argues that allowing the proposed amendments would be futile because the party Plaintiffs have named in the initial Complaint does not exist and therefore cannot form the basis of an integrated enterprise or joint employer with Wal-Mart Associates and Sam's West.  The Court must reject, at this juncture, Defendant's bald assertion that Plaintiffs have sued the wrong entity.  Whether the entity named as Defendant exists and whether Wal-Mart Associates and Sam's West should be deemed an integrated enterprise or joint employer in conjunction with Defendant are issues best resolved on motion for summary judgment.

> *4.     Conclusion as to futility*

Accepting as true all well-pleaded factual allegations in Plaintiffs' proposed First Amended Complaint and drawing all reasonable inferences from those facts in favor of Plaintiffs, the Court cannot conclude that "it appears beyond doubt" that Plaintiffs can prove no set of facts in support of their claims that Wal-Mart Associates and Sam's West should be deemed their employer for imposing liability under Title VII.  Accordingly, the Court will decline to deny the Motion to Amend on futility grounds.

---

[48]Def.'s Resp. to Mot. to Amend Compl. (doc. 19) at p. 7 (emphasis in original).

14

### C.    Undue Delay in Filing the Motion to Amend

Untimeliness or undue delay is sufficient cause for denying leave to amend without any showing of prejudice to the other party.[49] In determining whether the delay was undue, the Court considers both the length of the delay and the reason for its occurrence.[50] If the movant has been aware of the facts on which the amendment is based for some time prior to the motion for leave to amend, the Court may properly deny the motion for failure to demonstrate excusable neglect.[51] Furthermore, the decision whether to grant leave to amend is within the Court's sound discretion.[52] In exercising its discretion, the Court must be mindful that Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.[53]

In this case, Plaintiffs have filed their Motion to Amend within the deadline for amending the pleadings set forth in the Court's Scheduling Order. Discovery is still ongoing and is not set to close until November 15, 2007. The parties will have ample time to conduct discovery, and Defendants will have significant time to prepare dispositive motions relating to the propriety of the parties. Defendant has not argued that it will be prejudiced if the amendments are allowed.

Moreover, Plaintiffs argue that they learned through Defendant's Motion to Dismiss that they were employed by Wal-Mart Associates and worked at a location owned by Sam's West. Notwithstanding the assertion in the Position Statement to the EEOC that Sam's West should be

---

[49] *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

[50] *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205-06 (10th Cir. 2006).

[51] *Fed. Ins.*, 823 F.2d at 387.

[52] *Id.*

[53] *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982) (citing 6C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1471, at 359 (1971)).

15

deemed Plaintiff's employer, it is unclear whether Plaintiffs knew or should have known the roles of Wal-Mart Associates and Sam's West as their joint employer or an integrated enterprise before Defendant filed its Motion to Dismiss. Indeed, the employment relationship is confusing even to the Court and even after having the benefit of the parties' briefing. The Position Statement submitted in response to Plaintiffs' EEOC charges indicated that Sam's West was the proper respondent, and the attorney for Sam's Club asked the EEOC to amend the charges to name Sam's West as the respondent. Yet in the Motion to Dismiss, Defendant asserts that Plaintiffs were employed by Wal-Mart Associates.

In any event, this Court prefers to decide cases on the merits rather than on pleading technicalities. As Plaintiffs filed their Motion to Amend prior to the deadline set forth in the Scheduling Order and there is ample time for the parties to conduct discovery and for Defendants to file dispositive motions, the Court does not find that the amendments should be disallowed on the basis of delay.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend Complaint (doc. 16) is granted.

**IT IS FURTHER ORDERED** that Plaintiffs shall file and serve their First Amended Complaint within **ten (10)** days of the date of this Order.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 17th day of August 2007.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:    All counsel and pro se parties