DJW/bh

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ALBERT N. COLLINS, et al.,**

                  **Plaintiffs,**

**v.**                                            **Case No. 06-2466-CM-DJW**

**WAL-MART STORES, INC.,**
**d/b/a SAM'S CLUB, et al.,**

                  **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Compel (doc. 57).  Plaintiffs move to compel Defendants to produce documents responsive Plaintiffs' Requests for  Production No. 5, 12, 14, 16, 17, 20, 25, and 26.  They also move to compel Defendants to fully respond to Plaintiffs' Interrogatories No. 3, 5, 7-11, and 15-18.  For the reasons set forth below, the Motion is granted in part and denied in part.

## I.      Factual Background

Plaintiffs Albert Collins and Christina Scott bring suit under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, claiming race discrimination and retaliation.  Plaintiff Collins also asserts claims for sexual and racial harassment.  Collins was employed at Sam's Club  #8208 in Lenexa, Kansas from 1990 until he was terminated on February 16, 2005.  Scott was also employed at Sam's Club #8208, and she worked there from July 1989 until she, too, was terminated on February 16, 2005.  Defendants' stated reason for terminating Plaintiffs' employment was that they had engaged in conduct in violation of Sam's Club's Fraternization Policy.

Plaintiffs sue Wal-Mart Stores, Inc., d/b/a Sam's Club; Wal-Mart Associates, Inc.; and Sam's West, Inc.  There is a dispute as to which of these entities was Plaintiffs' employer; however, for purposes of this motion that dispute is not material.

## II.     Requests for Production

### A.     Request No. 5

#### 1.     *The objections at issue and the parties' arguments*

This request seeks all documents relating to any other charges of race discrimination, hostile work environment, and/or retaliation filed against "any of defendants' Kansas facilities with any state or federal regulatory body or court" from 2000 to present.  Defendants objected to the request as being "vague, overly broad and unduly burdensome and therefore not reasonably calculated to lead to the discovery admissible evidence."  Defendants then stated: "This is a single docket race discrimination case arising from the termination of the Plaintiff from Club 8208 in 2005.  The geographical scope of Plaintiff's request, 'Kansas' is arbitrary and overly broad rendering this request unduly burdensome."  Defendants produced the requested documents, but only with respect to Club #8208.

Plaintiffs now move to compel production of the requested documents, asserting that Defendants have not met their burden to support their objections.   Defendants counter that their overly broad, unduly burdensome and vague objections should be upheld because the request is "overly broad in geographic proximity."[1]  Defendants explain that all actions complained of by Plaintiffs allegedly occurred at Sam's Club #8208 and were allegedly committed by members of management and/or hourly employees employed at Club #8208.  In addition, Defendants assert that

---

[1]Defs.' Resp. to Mot. to Compel (doc. 81) at p. 2.

Brad Neperud was "the individual decision-maker with respect to Plaintiffs' terminations,"[2] and he worked as the General Manager at Club #8208.  Defendants argue that Plaintiffs may only compare their treatment to the treatment received by other Sam's Club employees who are or were similarly situated to Plaintiffs in all material respects.  They assert that similarly situated employees are those who dealt with the same supervisor and who were subject to the same standards governing performance and discipline.  Defendants maintain that because the decision maker with respect to Plaintiff was Brad Neperud, only those employees who worked at Club #8208 under Mr. Neperud's supervision and who engaged in the same misconduct as Plaintiffs are potentially comparable to Plaintiffs.

In their reply brief, Plaintiffs agree to limit the scope of Request No. 5 to the stores in "Market 21" as opposed to all of Defendants' stores in the state of Kansas.  Plaintiffs explain that Market 21 consists of eleven Kansas City metropolitan area Sam's Club stores, including Club #8208 where Plaintiffs were employed.  Plaintiffs assert that through discovery they learned that Brad Neperud was not the sole decision maker, as Defendants maintain.  Plaintiffs cite Mr. Neperud's deposition in which he testifies that he made the decision to terminate Plaintiffs' employment "in consultation with Michelle Medlin and Steve Schrobilgen."[3]  (Steve Schrobilgen is the Director of Operations for Market 21, while Michelle Medlin is the Regional Personnel Manager.)  Plaintiffs also cite Mr. Schrobilgen's deposition in which he testifies that he and Ms. Medlin ordered the termination of an employee for fraternization shortly after Plaintiffs lodged post-termination complaints that they had been treated differently than other employees accused of

---

[2]*Id.*

[3]Depo. of Bradley Neperud at p. 365, attached as Ex. 1 to Pls.' Reply (doc. 102)

fraternization.  That employee had previously only been disciplined for the fraternization.  Because of Medlin and Schrobilgen's involvement in the decision to terminate Plaintiffs' employment and their decision to terminate another employee for fraternization after Plaintiffs complained about their differential treatment, Plaintiffs contend they are entitled to expand discovery beyond Club #8208 and into the ten other stores in Market 21 over which Schrobilgen and Medlin had management responsibilities.

Also, Plaintiffs assert that the fraternization policy under which they were terminated is a corporate-wide policy.  They maintain that this further supports their position that they are entitled to expand discovery beyond Club #8208.  For these reasons, Plaintiffs contend that they are entitled to discover the discrimination, harassment, and retaliation charges filed by other employees working in the other ten Sams' Club stores in Market 21.

2.     *Analysis*

(a)     *Vagueness*

Although Defendants objected to Request No. 5 on the basis that it is vague, they fail to explain in either their initial responses or their briefing the way in which the request is vague.  Instead, Defendants focus their discussion and argument on why the request is overly broad.

It is well settled that the party objecting to a discovery request as vague has the burden to show such vagueness.[4]  Moreover, a party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."[5]  As Defendants fail to explain why the request is vague, the Court finds that Defendants have not

---

[4]*See Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D. Kan. 2006); *Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 662 (D. Kan. 2004).

[5]*Swackhammer,* 225 F.R.D. at 662 (citations omitted).

met their burden to support their vagueness objection.  The Court therefore overrules this objection to Request No. 5.

(b)    Undue burden

Plaintiffs also fail to support their undue burden objection.  It is well established that a party asserting undue burden in response to a discovery request must support the objection by showing not only "undue burden or expense," but also that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.[6]  This typically requires providing an affidavit or other evidentiary proof of the expense or time involved in responding to the discovery request.[7]

Here, Defendant have made no attempt to provide any explanation, let alone any evidence or affidavit, demonstrating that providing the requested documents would be burdensome, time-consuming, or expensive.  The Court therefore overrules Defendants' undue burden objection to Request No. 5.

(c)    Overbreadth

When addressing objections to discovery requests on the basis they are overly broad, courts will, when necessary, limit the geographic scope of discovery.[8]  In non-class action employment discrimination cases, the standard for determining the geographic scope of discovery focuses on "the

---

[6]*Manning v. General Motors,* 247 F.R.D. 646, 654 (D. Kan. 2007); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005); *Swackhammer,* 225 F.R.D. at 666.

[7]*Cardenas*, 232 F.R.D. at 380; *Swackhammer*, 225 F.R.D. at 666.

[8]*See, e.g.*, *Doebele v. Sprint*, No. 00-2053-KHV, 2001 WL 1718259, at *8 (D. Kan. June 5, 2001) (limiting scope of discovery to Kansas employees of defendant's PCS unit); *EEOC v. Kan. City S. Ry.*, No. 99-2512-GTV, 2000 WL 33675756, at *4-5 (D. Kan. Oct. 2, 2000) (limiting scope of discovery to Gulf region); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 195 (D. Kan. 1996) (limiting scope of discovery to defendant's Emporia plant that employed plaintiff); *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) (limiting scope of discovery to plaintiff's employing unit).

source of the complained discrimination — the employing unit or work unit."[9]  In the absence of any evidence that the challenged employment practices and procedures were applicable to all of the employing units, discovery is typically limited to the particular plaintiff's employing unit.[10]  Discovery may be expanded from the plaintiff's employing unit, however, if the plaintiff demonstrates that the requested information is "particularly cogent" to the matter[11] or where the plaintiff shows "more particularized need for, and the likely relevance of, broader information."[12]

To determine the appropriate employing unit of a plaintiff alleging employment discrimination, courts look to the level of the supervisor or supervisors who were primarily responsible for the employment decision regarding the plaintiff and other similarly-situated employees.[13]  The rationale is that "the motive and intent of the supervisors who made the employment decisions relating to the plaintiff and other employees is relevant to determining whether the employment decision was discriminatory."[14]

In this case, Plaintiffs maintain that the decision to terminate their employment was made by Brad Neperud (the Manager of Club #8208) *in consultation with* Michelle Medlin (Regional Personnel Manager) and Steve Schrobilgen (the Market 21 Director of Operations).  Merlin and

---

[9]*Azimi v. United Parcel Serv., Inc.,* No. 06-2114-KHV, 2007 WL 2010937, at *2 (July 9, 2007); *Bolton v. Sprint/United Mgmt.* Co., No. 05-2361-JWL, 2007 WL 756644, at *2 (D. Kan. Mar. 8, 2007); *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

[10]*Azimi*, 2007 WL 2010937, at *2; *Owens*, 221 F.R.D. at 653.

[11]*Azimi*, 2007 WL 2010937, at *2; *Owens*, 221 F.R.D. at 653.

[12]*Azimi*, 2007 WL 2010937, at *2; *Owens*, 221 F.R.D. at 653.

[13]*Azimi*, 2007 WL 2010937, at *2; *Bolton,* 2007 WL 756644, at *2: *Owens*, 221 F.R.D. at 653.

[14]*Azimi*, 2007 WL 3010937, at *2 (citing *Owens*, 221 F.R.D. at 653).

Schrobilgen both have management roles across Market 21 and the eleven clubs within that market. Although Plaintiffs only worked in Club #8208 in Market 21, because Medlin and Schrobilgen make employment decisions for all of the Sam's Clubs within Market 21, information about employees in Market 21 could be relevant to Plaintiffs' claims.[15]  Accordingly, the Court concludes that the appropriate geographic scope of discovery is Market 21.

In light of the above, the Court overrules Defendants' overbreadth objection to Request No. 5, and Plaintiffs are entitled to the requested charges for the Sam's Clubs in Market 21.  Defendants shall provide the requested documents within **twenty (20) days** of the date of this Order.

**B.     Request No. 12**

Plaintiffs state in their reply brief that the Motion to Compel is now moot as to Request No. 12.  The Court therefore denies the Motion as moot with respect to Request No. 12.

**C.     Request No.  14**

In Request No. 14, Plaintiffs request "[a] complete listing by name, race, length of service, job title and salary history" of all employees who worked at Defendants' "Lenexa store facility," i.e., Club #8208, at the time of Plaintiffs' discharge.  Request No. 14 also asks that Defendants produce the personnel files for these employees.

Defendants objected to this request on the grounds that it is "vague, overly broad and unduly burdensome and therefore not reasonably calculated to lead to the discovery admissible evidence."

---

[15]*See id.,* 2007 WL 2010937, at *2 (where decision to terminate plaintiff was made by the manager of the facility where plaintiff worked but in consultation with the Kansas district manager who had a supervisory role across the Kansas district, discovery about employees within the Kansas district would be allowed and the appropriate geographic scope of discovery was the Kansas district); *Johnson,* 238 F.R.D. at 653-54 (where discrimination was alleged to have occurred at least in some part at a regional level within defendant's organizational structure, geographic scope of discovery would extend to regional level).

Defendants then stated:  "This is a single docket race discrimination case arising from the termination of the Plaintiff from Club 808 in 2005.  The geographical scope of Plaintiff's request, 'Kansas' is arbitrary and overly broad rendering this request unduly burdensome."  "Subject to and without waiving these objections" Defendants then identified certain documents, which included a listing of all hourly employees (or "associates" as Defendants refer to them) and management employees at Club #8208.   The listing provided the name, race, and length of service for these employees.  The documents produced did not include any job title information or wage histories.  Defendants produced some, but not all, of the requested personnel files.

In their reply brief, Plaintiffs complain only about Defendants' failure to provide documents containing the requested job title information.  The Court therefore considers the Motion to Compel to be moot with respect to this request except as to documents showing the requested job titles.

In their response to the Motion to Compel, Defendants do not even acknowledge that the request seeks job title information.  While Defendants make various arguments about the personnel files and other requested documents pertaining to employee name, race, length of service, and salary, they do not address job titles.  Consequently, the Court finds that Defendants have failed to reassert their objections to producing those materials and have failed to support their objections.  The Court therefore holds that Defendants have abandoned their initial objections to producing job title documents,  and the Motion to Compel will be granted as to those documents.[16]  Within **twenty (20)**

---

[16]When ruling on a motion to compel, this Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel.  *See Moses v. Halstead*, 236 F.R.D. 667, 672 & n.8 (D. Kan. 2006) ("Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned."); *Cardenas,* 232 F.R.D. at 380 n. 15 (same).

**days** of the date of this Order, Defendants shall produce to Plaintiffs documents showing the job titles of the employees working at Club #8208 at the time of Plaintiffs' termination of employment.

**D.      Request No. 16**

Plaintiffs state that Defendants indicated they would produce Mark Murphy's personnel file in response to this request, yet Defendants have failed to do so.  Defendants, in their response to the Motion to Compel, indicate that they did in fact produce a copy of Murphy's personnel file a few weeks before Plaintiffs filed their Motion to Compel.  They also state that they have no other documents responsive to this request.  Plaintiffs do not address this request in their reply brief.  The Court therefore assumes that Plaintiffs are satisfied with Defendants' production of Murphy's personnel file, and the Court will deny the Motion to Compel as moot with respect to Request No. 16.

**E.      Request No.  17**

Request No. 17 seeks "[t]he personnel files and any other documents concerning defendants' investigation relating to all individuals in defendants' Kansas stores who have ever been disciplined and/or terminated for any act of 'violating the Fraternization policy'. . . for the years 2000 to the present."  Defendants asserted the same objections that they asserted to Requests No. 5 and 14, i.e., vague, overly broad in geographical scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

In their reply brief, Plaintiffs explain that Defendants eventually produced the requested documents as to Club #8208.  Plaintiffs move to compel the requested documents as to other stores, and state that they are now limiting the request to individuals working at the stores in Market 21.

For the same reasons discussed above with respect to Request No. 5, the Court overrules Defendants' vagueness, undue burden, and overbreadth objections.  The Court finds that Market 21

is the proper geographic scope of the discovery requests.  The Court therefore grants the Motion to Compel to the extent Plaintiffs seek the requested documents for employees working in Market 21. Defendant shall produce the requested documents for Market 21 within **twenty (20) days** of the date of this Order.

> **F.      Request No. 20**

This request seeks all documents reflecting "Associate positions open in defendants' Kansas stores, including the name, sex and race of each individual who filled these positions, for the period after plaintiff's termination to present."  Defendants asserted the same objections they asserted to Requests No. 5, 14, and 17.  Notwithstanding those objections, Defendants did produce various documents regarding job announcements and postings, applicants, and promotion and transfer criteria, but only relating to Club #8208.

Defendants assert in their response to the Motion to Compel that neither Plaintiff ever applied for entry into Defendants' Management Training Program at any time during their employment with Defendants.  Thus, they argue that this request is not reasonably calculated to lead to the discovery of admissible evidence.  They also argue that even if these documents are discoverable, the request's scope should be limited to Club #8208.

Plaintiffs concede that they did not formally apply for entry into Defendants' Management Training Program.  Plaintiffs assert they are nevertheless entitled to pursue discriminatory promotion claims because deposition testimony reveals that various open management positions were never posted and that some employees, including Brad Neperud and Steve Schrobilgen, were promoted

into management because "a higher-up 'tapped' them for promotion and solicited them for promotion via the informal network of promotions."[17]

For the same reasons discussed above with respect to Request No. 5, the Court overrules Defendants' vague and unduly burdensome objections.  The Court also overrules Defendants' objection that the requested documents are not reasonably calculated to lead to the discovery of admissible evidence.  At this stage in the litigation, the Court is not in a position to determine whether Plaintiff Collins will be allowed to proceed to trial on any discriminatory promotion claims.[18]  It is enough that Collins has alleged such a claim in the Pretrial Order.[19]  Consequently, the Court finds that the requested promotion documents may lead to the discovery of admissible evidence.

As Plaintiffs have agreed to limit this request to Market 21 and the Court has found Market 21 to be the proper scope of discovery, the Court will grant the Motion to Compel as to Market 21. Defendants shall produce the requested documents for open positions in Market 21 within **twenty (20) days** of the date of this Order.

---

[17]Pls.' Reply (doc. 102) at p. 7.

[18]Generally speaking, the failure to apply for the position will bar a discriminatory promotion claim; however, the failure to apply is sometimes excused where the employer has no formal application process or where the employee is unaware of the opportunity.  *See, e.g., Kehoe v. Anheuser-Busch, Inc.*, 96 F.3d 1095, 1105 n. 13 (8th Cir. 1996) ("the application requirement should be excused because Anheuser had a reason or duty to consider Kehoe for the job."); *EEOC v. Metal Serv. Co.*, 892 F.2d 341, 348 (3d Cir. 1990) ("Courts have generally held that the failure to formally apply for a job opening will not bar a Title VII plaintiff from establishing a prima facie claim of discriminatory hiring, as long as the plaintiff made every reasonable attempt to convey his interest in the job to the employer."); *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1133 (11th Cir. 1984) (application requirement may be excused where "defendant used no formal procedures for posting notice of available promotions or for determining who would be offered the promotion. Instead, the company relied on 'word of mouth' and informal review procedures.").

[19]*See* Pretrial Order (doc. 128), ¶¶ 5.a, 6.a.i, & 6.b, in which Collins asserts claims for discriminatory failure to promote.

### G.    Request No.  25

Plaintiffs state in their reply brief that Defendants have supplemented their earlier responses to this request and that responsive documents have now been produced.  The Court therefore finds the Motion to Compel to be moot as to Request No. 25, and the Motion will be denied as such.

### H.    Request No. 26

This request asks Defendants to produce all documents identified in Defendants' answers to Plaintiffs' Interrogatories.  Defendants objected to this request on the basis that "it is vague and assumes facts that do not exist."  Defendants nevertheless indicated that they would "produce any non-privileged responsive documents in response hereto."  Plaintiffs request in their motion that Defendants be "ordered to produce those documents immediately."[20]  Plaintiffs do not identify what documents or categories of documents they contend Defendants have failed to produce.  Defendants state in their response to the Motion to Compel that they produced more than 3,775 documents in their supplemental production, which took place after the Motion to Compel was filed.

The Court construes Defendants' statement to mean that they have produced all non-privileged documents that are responsive to this request.  Out of an abundance of caution, however, the Court will direct Defendants to produce all responsive, non-privileged documents, to the extent that any of those documents have not yet been produced.

As the Court is ruling on Defendants' objections to Plaintiffs' interrogatories in the next section of this Order and directing Defendants to amend their answers to Interrogatories No. 3, 5, 7, 8, 11, 15, and 18, the Court will also direct Defendants to produce any non-privileged documents that may be identified in their supplemental interrogatory answers which have not already been produced.

---

[20]Pls.' Mem. in Supp. of Mot. to Compel (doc. 58) at p. 9.

### III.    Interrogatories

#### A.    Interrogatory No. 3

This interrogatory asks Defendants to identify the individuals responsible for implementing Defendants' equal employment opportunity policies and to identify documents relating to the implementation of those policies.   Although Defendants objected to this interrogatory, they went on to answer it and produced various documents responsive to it.   Defendants also provided additional documents responsive to it in their supplemental answers served on December 14, 2007. Plaintiff state in their reply brief that they are now "satisfied that defendants have identified policies and practices relating to equal employment opportunity, race discrimination, harassment and retaliation — provided defendants are representing that these are the sum total of all policies in force during plaintiffs' employment leading up to their termination."[21]

Given that Defendants asserted objections to this interrogatory but yet proceeded to answer it and to produce documents responsive to it, it is difficult for Plaintiffs — and the Court — to discern whether Defendants have in fact responded with information regarding all of its equal employment policies.   The Court therefore directs the parties to confer regarding Defendants' supplemental response.   If Plaintiffs are not satisfied that Defendants have fully answered this interrogatory, then within **twenty (20) days** of the date of this Order, Plaintiff may file a renewed motion to compel as to this interrogatory.

#### B.    Interrogatories No. 5 and 8

Interrogatory No. 5 asks Defendants whether any store in the Kansas District has been investigated by any agency regarding charges of race discrimination, hostile work environment, or retaliation during the period January 1, 2000 to the present, and, if so, to provide certain information

---

[21]Pls.' Reply (doc. 102) at p. 9.

about those investigations.  Interrogatory No. 8 asks Defendants to "identify all individuals in defendants' Kansas stores" who complained to management of race discrimination, hostile work environment or retaliation during that same time period, and to identify various documents relating to such complaints.  It also asks Defendants to describe their investigation into each complaint and to provide the outcome of each investigation.

Defendants objected to Interrogatory No. 5 as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  They also asserted that the "geographical scope of 'Kansas' is arbitrary and not tied to decision makers," which renders the request overly broad and unduly burdensome.  Defendants did, however, identify five Equal Employment Opportunity Commission and/or Kansas Human Rights Charges "arising from Club #8208."

In response to Interrogatory No. 8, Defendants asserted the same objections and then added a relevance objection.  They also incorporated by reference their objections to Interrogatory No. 6, which were the same objections plus an additional objection that the interrogatory is "not limited by temporal scope for an Associate who was employed for 15 years."

In their reply brief, Plaintiffs state that they have received the requested information with respect to Club #8208.  They indicate that the only additional information they are seeking is information relating to charges filed as to the other stores in Market 21.  They state they are willing to narrow the scope of the interrogatories from the entire Kansas District to Market 21.

The Court overrules Defendants' vagueness objections to these interrogatories, as the Court finds nothing vague about them and finds Defendants' objection to be unsupported.  The Court also overrules Defendants' unduly burdensome objection as it, too, is unsupported.  In addition, the Court overrules Defendants' temporal scope objection to Interrogatory No. 8.  The interrogatory is in fact

limited to the time period January 2000 to the present, and the Court is at a loss to understand Defendants' assertion that the interrogatory is "not limited by temporal scope for an Associate who was employed for 15 years." Finally, the Court overrules Defendants' objections to the geographic scope of these interrogatories. As discussed above in detail with respect to Request No. 5, the scope of discovery in this case properly encompasses the stores in Market 21.

In light of the above, the Court grants the Motion to Compel as to Interrogatories No. 5 and 8. Within **twenty (20) days** of the date of this Order, Defendant shall file supplemental responses to Interrogatories No. 5 and 8 by providing the requested information for charges filed as to the stores in Market 21 for the time period January 1, 2000 to the present.

### C.      Interrogatory No. 7

This interrogatory asks Defendants to identify the individuals in all of Defendants' Kansas stores who have been disciplined, transferred or discharged "as a result of complaints by its employees of race discrimination, hostile work environment, and/or retaliation." The time period covered is 2000 to the present. Defendants asserted the same objections they asserted in response to Interrogatory No 5, i.e., that the interrogatory is vague, overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Defendants also objected to the geographical scope, asserting that the scope, i.e., the state of Kansas, is arbitrary and not tied to the decision makers. Defendants then stated that Defendants do not discipline, transfer or otherwise take adverse job action against employees for complaining to, or notifying management of, discrimination, hostile work environment, or retaliation in the workplace. Standing on these objections, Defendants provided none of the particular information sought in the interrogatory.

Plaintiffs assert that Defendants' answer is non-responsive. Plaintiffs agree to limit the interrogatory to Market 21.

15

The Court will first address Defendants' vagueness objection, as the asserted vagueness of the interrogatory is at the heart of the dispute here.  The term "as a result of complaints" makes the interrogatory susceptible of two different interpretations.  Plaintiffs interpret Interrogatory No.7 to mean:  "Identify each individual in Defendants' stores who has been disciplined, discharged, etc. *as a result of other employees complaining that the individual had engaged in race discrimination, hostile work environment, or retaliation.*"  Defendants, in contrast, interpret the interrogatory to mean:  "Identify each individual in Defendants' stores who has been disciplined, discharged, etc. *as a result of that individual complaining of race discrimination, hostile work environment or retaliation*."

As noted above, it is well settled that the party objecting to discovery as vague has the burden to show such vagueness.[22]  Moreover, a party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."[23]  While this interrogatory is susceptible of two different meanings, the meaning Defendants have ascribed to it is clearly not a reasonable meaning.  If there were doubts about what Plaintiffs meant, Defendants could have clarified its meaning by conferring with Plaintiffs.  The Court therefore overrules Defendants' vagueness objection.

The Court also overrules Defendants' undue burden objection, as Defendants have made no attempt to show how answering this interrogatory would be unduly burdensome.

Finally, the Court does not find that the interrogatory is overly broad if it is limited to Market 21, as Plaintiffs have agreed to do.

---

[22] *See Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D. Kan. 2006); *Swackhammer,* 225 F.R.D. at 662.

[23] *Swackhammer*, 225 F.R.D. at 662 (citations omitted).

In light of the above, the Court grants the Motion to Compel as to Interrogatory No. 7, as limited to stores in Market 21.  Defendants shall serve an amended response to Interrogatory No. 7, as limited, within **twenty (20 days )** of the date of this Order.

### D.      Interrogatory No. 9

This interrogatory asks Defendants to identify all individuals who have held the position of Manager, Assistant Manager or Team Leader in Defendants' Kansas stores during the period January 1, 2000 to the present, and to provide their race, date of hire and termination, job title and duties, and salary and bonuses.  It also asks Defendants to "identify and produce all documents which provide the above information."

Defendants objected on the basis that the interrogatory is vague, overly broad, unduly burdensome, seeks information that is not relevant to the claims in the case, and is not reasonably calculated to lead to the discovery of admissible evidence.  They also asserted that the "geographical scope of 'Kansas' is arbitrary and not tied to decision makers," which renders the interrogatory overly broad and unduly burdensome.  Defendants state in their response to the Motion to Compel that they have already provided Plaintiffs with a listing of management and non-management employees for Club #8208, and that the list identifies the employees' job titles.  Plaintiffs indicate in their reply brief that they will limit this interrogatory to individuals employed at Market 21 stores.

The Court overrules Defendants' vagueness and unduly burdensome objections as unsupported.

The Court will now turn to Defendants' relevance objection.  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence."[24]   Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[25]   Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[26]

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[27]   Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[28]

The relevance of the information sought in these interrogatories is not apparent from the face of the requests.  Although the Court has held that the geographic scope of discovery in this case should extend to Market 21, that does not mean than *any* request for information relating to Market 21 is relevant.  The Court finds that Plaintiffs have not met their burden to show how this information is relevant to any of their claims or to any of Defendants' defenses.  In light of the above, the Court sustains Defendants' relevance objections to this interrogatory.

---

[24]Fed. R. Civ. P. 26(b)(1).

[25]*Jones v. Wet Seal Retail, Inc.,* 245 F.R.D. 724, 725 (D. Kan. 2007); *Cardenas,* 232 F.R.D. at 382; *Owens,* 221 F.R.D. at 652.

[26]*Jones,* 245 F.R.D. at 725; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[27]*Cardenas,* 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[28]*Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

Furthermore, the Court notes that to the extent Plaintiffs ask Defendants to "produce all documents which provide the above information," the interrogatory is objectionable. "Rule 33 may not be used to bypass Rule 34."[29] Copies of documents and other tangible things must be obtained through Rule 34 rather than requesting them through interrogatories.[30]  Consequently, this is an additional basis for the Court to deny the Motion to Compel as to Interrogatory No. 9.

### E.    Interrogatory No. 10

Plaintiffs state in their reply brief that Defendants have provided the information requested by this interrogatory.  The Court therefore finds the Motion to Compel to be moot as to Interrogatory No. 10.

### F.    Interrogatory No. 11

This interrogatory asks Defendants to "describe in detail the organizational structure of defendants' Kansas District" for the time period January 1, 2000 to the present date, and to describe all positions (by name of employee, race, date, of hire, date of termination, job title, and/or position, job grade, salary, bonuses).  It also asks Defendants to "describe all documents relating to the organizational structure of the District."  In response, Defendants objected on grounds that the interrogatory is vague, overly broad, and unduly burdensome.  They also objected on the grounds that it seeks information not relevant to the case and that it is not reasonably calculated to lead to the discovery of admissible evidence.  Finally, they objected to the geographic scope of "Kansas" as being overly broad and unduly burdensome.  Notwithstanding these objections, Defendants did produce a document entitled "Levels of Management."  That document, however, does not identify

---

[29]8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2163 at p. 221 (2d ed. 1994).

[30]*Id.*

the individuals who currently hold these positions or who held these positions during the requested time period.

In their reply brief, Plaintiffs state they will limit the interrogatory to Market 21. Thus, the Court must determine whether Defendants' objections are valid as to the information requested for Market 21.

The Court will first assess Defendants' relevancy objection. The Court finds the interrogatory to be relevant on its face to the extent it seeks information about the general organizational structure of Market 21. Thus, Defendants have the burden to show how that information is not relevant to Plaintiffs' claims or Defendants' defenses. On the other hand, the Court finds that the relevancy of the interrogatory is not apparent on its face to the extent it asks Defendants to identify *all* positions in Market 21 by name of employee, race, date of hire, date of termination, job title/position, job grade, salary, and bonuses. This goes well beyond a general description of the organizational structure, and Plaintiffs fail to show how all of this detailed information about each position in each of the eleven stores in Market 21 is relevant. Thus, the Court will deny the Motion to Compel to the extent it seeks this additional information about each employee and position in Market 21.

The Court will now turn to Defendants' other objections. The Court finds Defendant's vagueness objections to be unsupported, and it is therefore overruled.

With respect to Defendants' undue burden objection, Defendants make some attempt to explain how it would be unduly burdensome to provide all of the requested information for a large number of their stores. However, as Plaintiffs have limited the interrogatory to Market 21, and the Court is further limiting the interrogatory to basic information regarding Market 21's organizational

structure, the Court fails to see how Defendants' answer, as limited, would be unduly burdensome. The Court therefore overrules this objection.

The Court also overrules Defendants' overbreadth and geographic scope objections, as Plaintiff have agreed to limited the interrogatory to Market 21.

To summarize, the Motion to Compel is granted to the extent that Defendants will be required to describe the organizational structure of Market 21 during the period January 1, 2000 to the present.   The Motion to Compel is denied as to all other aspects of this interrogatory. Defendants shall serve their amended answer within **twenty (20) days** of the date of this Order.

### G.     Interrogatory No. 15

This interrogatory asks Defendants to provide the following:

Describe in detail any investigation that was conducted by defendants . . . after [plaintiffs] complained about being passed over for Assistant Manager and Manager positions; race discrimination, sexual harassment, hostile work environment, and retaliation; being overlooked on promotion and financial rewards; the lack of promotional opportunities for minorities; lack of pay for work performed; and co-employees starting false and malicious rumors about plaintiff Collins and Plaintiff Scott.

The interrogatory also asks Defendants to identify all individuals who participated in any of the investigations, and to describe the outcome of each investigation.

In their Motion to Compel, Plaintiffs request that Defendants be ordered to fully respond to this interrogatory, asserting that "Defendants failed to describe the details of the investigation . . ., the identities of the individuals that participated in any investigation; and failed to identify the Associates who received Coaching as a result of the investigation."[31]  Plaintiffs do not appear to take issue with any other portions of Defendants' response.

---

[31]Pls.' Mem. in Supp. of Mot. to Compel (doc. 58) at p.16.

Defendants state in their response to the Motion to Compel that they produced on August 3, 2007 three separate investigation files that contain witness statements, the identities of the individuals who participated in the investigations, the "interviewing and witnessing manager notes," a description of  key dates in the investigation, a description of the complaints, a description of documents or other evidence reviewed as part of the investigations, and a description of actions taken in response to the investigations.  Defendants declare that "[t]hese documents speak for themselves," and they assert that they have fully responded to the interrogatory.

Plaintiffs do not discuss this interrogatory in their reply; however, as Plaintiffs have not indicated that the Motion to Compel is moot as to this interrogatory, the Court assumes Defendants' response is still at issue.

The Court finds Defendants' response as to their investigation documents to be insufficient. While a party may elect to produce its business records rather than provide a written answer to an interrogatory, the party must "affirmatively do so" in accordance with Federal Rule of Civil Procedure 33(d).[32]  Under that rule, a responding party may produce its business records in lieu of providing a written answer only under the following circumstances:

> (1) . . . the answer can be ascertained from the answering party's business records and the burden of deriving the answer is substantially the same for both parties, and (2) . . . the answering party provides a specification with sufficient detail to permit the interrogating party to locate and identify the specific records from which the answer may be ascertained as readily as could the answering party

Here, it does not appear that Defendants have affirmatively made a specific election under Rule 33(b) to provide these business records in lieu of providing a written response.  Also, Defendants have made no effort to show that the burden of deriving the answer to Interrogatory No. 15 from these documents is substantially the same for Plaintiffs as it is for Defendants.

[32]*Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 304 (D. Kan. 1996).

In light of the above, the Court will direct Defendants to serve an amended response to Interrogatory No. 15, either (1) providing a written response regarding the portions of the interrogatory that are at issue, or (2) making an affirmative election to produce business records in responsive to the interrogatory in accordance with Rule 33(d).  Defendants shall provide their amended response within **twenty (20) days** of the date of this Order.

### H.      Interrogatory No. 16

Plaintiffs contend that Defendants's answer to this interrogatory is incorrect in light of certain deposition testimony.  In their reply brief, Plaintiffs state: "If defendants are going to stand on the current answer, so be it."  The Court construes this statement to mean that Plaintiffs consider the Motion to Compel to be moot as to this interrogatory.  The Motion will therefore be denied as moot as to this particular interrogatory.

### I.       Interrogatory No. 17

This interrogatory asks Defendant to identify any individual who has performed any part of Plaintiffs' job duties after February 16, 2005 (the date of their termination) and to provide the individual's race, date of hire, date of termination, job title, salary, raises, bonuses and any other benefits.  Defendants objected to the interrogatory as being vague, overly broad and unduly burdensome, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants then identified Mark Murphy as the person who filled Collins' position and stated that he is Caucasian.  Defendants also produced Mr. Murphy's personnel file. Defendants did not provide any information regarding any person who performed Scott's job duties.

Plaintiffs assert in their Motion to Compel that Defendants' objections are unsupported and that the requested information is relevant because "it goes to Plaintiffs' damages."[33]   In their Response to the Motion to Compel, Defendants state:  "To the extent the information sought by Plaintiffs is not included in Mr. Murphy's personnel file, such as information concerning benefits selected by Mr. Murphy, Plaintiffs have failed to present any justification for the intrusion into Mr. Murphy's privacy."[34]  With respect to Collins, Defendants state in their response to the Motion to Compel that they did not provide any information responsive to this interrogatory because they "did not replace Plaintiff Scott."[35]

The Court overrules Defendants' vagueness, overbreadth, and undue burden objections as unsupported.  The Court, however, sustains Defendants' relevance objection.  The Court finds that the relevancy of the requested information is not readily apparent on the face of the interrogatory. Thus, Plaintiffs. as the propounding parties, have the burden to show the relevancy of the interrogatory.  Plaintiffs have only made a conclusory assertion that the information is relevant to the issues of damages; however, they have not explained how it is material to their claimed damages. The Motion to Compel is therefore denied as to Interrogatory No. 17.

**J.     Interrogatory No. 18**

This interrogatory asks Defendants to identify (1) all persons who were involved  in Defendants' investigation into whether Plaintiffs were involved in a personal relationship, and (2) all individuals who were investigated.  It also asks Defendants to "describe all documents relating to the investigation."  Defendants objected on the basis that the interrogatory is vague, overly broad,

---

[33]Pls.' Mot. to Compel (doc. 57) at p. 18.

[34]Defs.' Resp. to Mot. to Compel (doc. 81) at p. 20.

[35]*Id.*

and unduly burdensome; seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; assumes facts not in evidence, and is an attempt to present an improper hypothetical.  They then stated that, subject to these objections, Defendants had conducted an investigation and determined that one of Collins' complaints was substantiated and that three associates received "Coaching" as a result.

Plaintiffs move to compel Defendants to describe all documents relating to the investigation. In their Response to the Motion to Compel, Defendants do not reassert any of their objections, but state that they have produced their complete "investigation file," which contains the names of individuals involved in the investigation.  They also state that those individuals and their races and job titles were provided to Plaintiffs in an October 2, 2007 letter and in either the Associates List or Management List previously provided to Plaintiff.

Plaintiffs do not discuss this interrogatory in their reply; however, as Plaintiffs do not state that the Motion to Compel is moot as to their request that Defendants describe all investigation-related documents, the Court assumes that this portion of the interrogatory is still at issue.

The Court finds Defendants' response regarding it investigation-related documents to be insufficient.  As discussed above with respect to Interrogatory No. 15, when a party elects to produce business records in lieu of providing a written interrogatory answer, the party must "affirmatively do so" in accordance with Rule 33(d).  Defendants have not made such an affirmative election in response to Interrogatory No. 18.  Nor have they shown that the burden of deriving the answer to this interrogatory is substantially the same for both parties.

In light of the above, the Court will grant the Motion to Compel as to that portion of Interrogatory No. 18 which asks Defendants to describe all documents relating to their investigation. Within **twenty (20) days** of the date of this Order, Defendants shall serve an amended response to

Interrogatory No. 15, either (1) providing a written response describing the documents relating to its investigation , or (2) making an affirmative election to produce business records that would answer this portion of the interrogatory.

### K.      Verification of Interrogatories

Defendants' interrogatory answers were initially verified by Defendants' counsel.  After Plaintiff filed their Motion to Compel, Defendants provided answers that were verified by Brad Neperud, General Manager of Club #8208.  The Motion is therefore moot as to this issue.

## IV.      Expenses and Fees

Both Plaintiffs and Defendants have requested that the Court award them the expenses and attorneys' fees they have incurred in connection with the filing of this Motion to Compel.  On January 31, 2008, however, the parties filed a stipulation (doc. 104) in which they withdrew their respective requests for expenses and fees and indicated that no party seeks such an award.  The Court therefore holds that each party should bear its own fees and expenses.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (doc. 57) is granted in part and denied in part, as set forth herein.

**IT IS FURTHER ORDERED** that within **<u>twenty (20) days</u>** of the date of this Order Defendants shall serve amended responses to Interrogatories No. 3, 5, 7, 8, 11, 15, and 18, as set forth herein.  In addition, Defendants shall produce all documents required to be produced as set forth herein.  Said production shall take place at the offices of Plaintiffs' counsel or at any other location agreed upon by the parties.

**IT IS FURTHER ORDERED** that each party shall bear its own fees and expenses incurred in connection with this Motion to Compel.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 30th day of April 2008.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge


cc:    All counsel and pro se parties